IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENDRA SCOTT, LLC, | |
| Plaintiff, | Case No. 24-cv-08400 |
| v. | **Judge Jorge L. Alonso** |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | **Magistrate Judge Young B. Kim** |
| Defendants. | |

**PLAINTIFF'S MOTION TO CONDUCT JURISDICTIONAL DISCOVERY FOR DEFENDANT'S MOTION TO DISMISS [35] AND TO STAY SETTING THE BRIEFING SCHEDULE**

Plaintiff Kendra Scott, LLC ("Plaintiff" or "Kendra Scott") moves this Honorable Court for jurisdictional discovery to respond to Defendant JUNPO Co. Ltd's (Def. No. 89) ("Defendant") Motion to Dismiss Under Rule 12(b)(2) [35] ("Defendant's Motion"). Plaintiff also requests that the Court stay setting a briefing schedule on Defendant's Motion so that the parties can conduct jurisdictional discovery.

**BACKGROUND**

Defendant is a China-based entity that operates on the Walmart.com e-commerce platform ("Defendant's Walmart Store"). Defendant set up Defendant's Walmart Store and affirmatively elected to target its business transactions at the United States, including Illinois, affirmatively agreed to contract with consumers in the United States, including Illinois, fulfill orders to the United States, including Illinois, and comply with all applicable U.S. laws. Specifically, Defendant used counterfeit versions of Plaintiff's federally registered Kendra Scott trademarks in connection with the offer for sale and sale of unauthorized products (the "Counterfeit Product") to

Illinois.[1] *See* Declaration of Quinn B. Guillermo (the "Guillermo Decl.") at ¶ 2; see also [1] at ¶¶ 2, 21, 29-30; [14] at ¶¶ 16-19. Plaintiff's investigators completed a transaction with Defendant by ordering a Counterfeit Product from Defendant's Walmart Store, making payment, and subsequently receiving an order confirmation. *See* Exhibit 3 to the Declaration of Adrienne T. Montes [15] at [15-2] at pp. 111-113.

On September 18, 2024, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") [21]. Paragraph 3 of the TRO permitted Plaintiff to issue expedited written discovery requests on Defendant with such request being due within five (5) business days of being served via e-mail. [21] at ¶ 3. Plaintiff issued expedited discovery requests on Defendant on October 10, 2024. Guillermo Decl. at ¶ 3. Defendant was also served on October 10, 2024. [34]. On October 14, 2024, Defendant filed Defendant's Motion. [35]. Plaintiff also noticed its Motion for Entry of a Preliminary Injunction for presentment on October 16, 2024. *See* [33].

## ARGUMENT

Plaintiff's uncontradicted evidence shows that Defendant offered for sale and completed a transaction selling a Counterfeit Product to an Illinois resident. As such, the Court properly exercised personal jurisdiction over Defendant. *See NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 625 (7th Cir. 2022) (cleaned up), cert. denied, 143 S. Ct. 577 (2023) (affirming jurisdiction, stating that Defendant "structured its sales activity in such a manner as to invite orders from [a forum] and developed the capacity to fill them[,] [i]t cannot now point to its customers in [that forum] and tell us, 'It was all their idea.'"); *see also Am. Girl, LLC v. Zembrka*, No. 21-1381, 2024

---

[1] *See* **Exhibit 1** to the Guillermo Decl., true and correct copies of screenshots of Defendant's Walmart listing of counterfeit products, including the checkout page and order confirmation showing Plaintiff's investigator's Illinois shipping address. These screenshots were previously filed as part of Exhibit 3 to the Declaration of Adrienne T. Montes [15] at [15-2] at pp. 111-113.

WL 4206197, at *1 (2d Cir. Sept. 17, 2024) (holding, personal jurisdiction over China based seller "does not require a shipment. It requires a transaction").

Defendant's Motion asserts only conclusory statements to support its claim that the Court lacks jurisdiction. For example, Defendant's Motion alleges that it "has never sold or shipped any accused products to Illinois." *See* [35] at p. 1. However, this is directly contradicted by Plaintiff's evidence which demonstrates that the Counterfeit Product was purchased with a shipping address to Illinois and payment was confirmed. *See* [35] at p.4; Exhibit 3 to the Declaration of Adrienne T. Montes [15] at [15-2] at pp. 111-113.

Defendant's Motion also fails to provide credible evidence or documentary support regarding their sales relevant to jurisdiction. Defendant states "[a]fter a diligent search of the sales records, it is confirmed that JUNPO has never sold or shipped any accused products to Illinois." [35-1] at ¶ 5. However, this statement is not supported by any evidence. Defendant has also failed to provide any evidence it searched its e-commerce store to determine whether there were other sales [35]. Likewise, Defendant's Motion omits key facts such as the actions taken by Defendant in setting up Defendant's Walmart Store, the nature of products sold through Defendant's Walmart Store, how a search was performed to determine how many infringing items were sold, and Defendant's contacts with the United States outside of Illinois, which is relevant under Fed. R. Civ. P. 4(k)(2). *HAMANN GmbH v. The P'ships, et al.* No. 21-cv-3591 (N.D. Ill. Oct. 8, 2021) (unpublished) (Dkt. No. 53) (Tharp, J.) (granting Plaintiff's motion for leave to conduct jurisdictional discovery).

To the extent that there is any ambiguity regarding personal jurisdiction, Plaintiff seeks limited jurisdictional discovery from Defendant to test the veracity of and learn the factual basis for statements made in Defendant's Motion. *See Black & Decker, Inc. v. Shanghai Xing Te Hao*

*Indus. Co.,* No. 02-cv-4615, 2003 U.S. Dist. LEXIS 10127, at *12 (N.D. Ill. 2003) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous.")); *JT's Frames, Inc. v. Casares*, No. 16-cv-2504, at *6 (N.D. Ill. Feb. 12, 2018) (unpublished) (Dkt. No. 75) (Dow, J.) ("Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue."); *HAMANN GmbH v. The P'ships, et al.*, No. 21-cv-3591 (N.D. Ill. Oct. 8, 2021) (unpublished) (Dkt. No. 53) (Tharp, J.) (granting Plaintiff's motion for leave to conduct jurisdictional discovery); *Pit Viper, LLC v. The P'ships, et al.*, No. 23-cv-14761 (N.D. Ill. May 29, 2024) (unpublished) (Dkt. No. 68) (Ellis, J.) (granting Plaintiff's motion for leave to conduct jurisdictional discovery).

Defendant's Motion challenges whether personal jurisdiction can be exercised over Defendant while Plaintiff's discovery requests sought, in part, information and/or documentation relevant to this issue. *See* Guillermo Decl. at ¶ 3. "Jurisdictional discovery is appropriate where the existing record is inadequate to support personal jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations through discovery." *LG Elecs., Inc. v. Quanta Computer Inc.*, 520 F. Supp. 2d 1061, 1072 (W.D. Wis. 2007). "The standard is low, but a plaintiff's request will be denied if it is based only upon unsupported assertions of personal jurisdiction." *Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009); *Esquivel v. Airbus Americas, Inc.*, 2021 WL 4395815, at *2 (N.D. Ill. May 3, 2021) ("The standard for a *prima facie* case of personal jurisdiction is a low one, and the Plaintiff here has met it.").

In *Larry Zach v. The Individuals, et al.*, No. 24-cv-01491 at *2 (N.D. Ill. Apr. 16, 2024) (unpublished) (Dkt. No. 90) (Kocoras, J.), the Court found the following to be "practical inquires

4

and [would] be critical as the Court approaches the question of whether personal jurisdiction is proper here":

> "Who purchased the accused products? When were they purchased? What other products, other than the products identified previously by Plaintiff, was Defendant selling, and how many of the products are infringing? If the accused products were not sold to anyone in Illinois, where have the products been sold to, and to whom exactly have they been sold to? Are there any marketing efforts related to Defendant's accused products and incorporating these products into established channels of commerce to consumers in the Northern District of Illinois, the State of Illinois, and the United States? What stores, other than the defendant stores at issue, does the Defendant also operate? Are those stores selling products infringing Plaintiff's rights? What is the Defendant's overall revenue from sales of all products into the Northern District of Illinois, the State of Illinois, and the United States? Can those sales revenues be verified by Defendant's payment of taxes to the United States Internal Revenue Service or revenue service of any state or county in the United States? What contacts has Defendant had with Illinois consumers? What contacts does Defendant have with fulfillment services such as Amazon warehouses and shipping companies in Illinois and the United States?"

The same information regarding Defendant's sales of products to Illinois and to the United States is also relevant to evaluating jurisdiction here. *See Id.* (finding there was a genuine dispute about whether the Court could exercise personal jurisdiction over Defendant where "Plaintiff makes the potentially winning argument that by selling on Amazon, Defendant purposefully availed itself of Illinois."); *see also Christian Dior Couture, S.A. v. Liu,* No. 15 C 6324, 2015 U.S. Dist. LEXIS 158225, at *12-13 (N.D. Ill. Nov. 17, 2015) (finding personal jurisdiction based on the offer for sale of infringing product to Illinois and noting that, "[t]he record shows that Defendants have significant sales within the United States.").

Additionally, it is unknown whether Defendant had other infringing listings that were no longer active at the time Plaintiff learned of Defendant's infringement. It is not unreasonably burdensome for Defendant to perform a search and provide information and documentation regarding products that were listed for sale on Defendant's Walmart Store. *See Volkswagen Group of America, Inc. v. The P'ships, et. al.*, No. 21-cv-04758 (N.D. Ill. July 1, 2022) (unpublished)

5

(Dkt. Nos. 66-67) (Kennelly, J.) (ordering Amazon.com store operator defendant to produce information for all products that were advertised and offered for sale on its e-commerce store within the previous year, including images of the products, prices, and sales data).

Defendant should not be able to selectively determine what information they want to turn over and withhold relevant information regarding sales to the United States. Without limited jurisdictional discovery, Plaintiff does not have access to any additional information, including information regarding sales of any additional infringing products.

## **CONCLUSION**

For the reasons stated above, Plaintiff requests that the Court permit limited jurisdictional discovery and stay setting a briefing schedule for Defendant's Motion [35].

Dated this 14th day of October 2024.   Respectfully submitted,

/s/ Quinn B. Guillermo
Amy C. Ziegler
Justin R. Gaudio
Quinn B. Guillermo
Luana Faria de Souza
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
qguillermo@gbc.law
lfaria@gbc.law

*Counsel for Plaintiff Kendra Scott, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October 2024, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/EFC system will send a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Quinn B. Guillermo
Amy C. Ziegler
Justin R. Gaudio
Quinn B. Guillermo
Luana Faria de Souza
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
qguillermo@gbc.law
lfaria@gbc.law

*Counsel for Plaintiff Kendra Scott, LLC*