IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENDRA SCOTT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | CASE NO. 1:24-cv-08400 <br><br> **Judge:** Jorge L. Alonso <br><br> **Magistrate Judge:** Young B. Kim |

**DEFENDANT'S MOTION FOR
AN OPPORTUNITY TO CONDUCT MUTUAL DISCOVERY**

Defendant JUNPO Co., Ltd. ("JUNPO" or "Defendant"), without waiving its jurisdictional challenge, respectfully requests that this Court grant it an equal opportunity to conduct mutual jurisdictional discovery.

This request is made in light of the Court's earlier permission granted to Plaintiff to conduct jurisdictional discovery. Granting this motion will provide essential clarity on the jurisdictional matters at issue, ensuring fairness and equity in the discovery process.

## I. INTRODUCTION

In the interest of fairness and efficiency in the judicial process, Defendant JUNPO seeks the Court's permission to engage in mutual jurisdictional discovery. Despite Plaintiff's ability to conduct such discovery since October 16, 2024, Plaintiff has refused to respond to JUNPO's discovery requests.

This discovery is crucial not only for responding to Plaintiff's claims but also for clarifying critical facts regarding jurisdiction that are central to JUNPO's defense, including discrepancies concerning a purported test purchase allegedly made by Plaintiff.

1

## II.     PROCEDURAL BACKGROUND

On October 14, 2024, JUNPO filed a Motion to Dismiss for lack of personal jurisdiction [Dkt. No. 35].

On the same day, Plaintiff filed a Motion to Conduct Jurisdictional Discovery in relation to JUNPO's Motion to Dismiss and to Stay Setting the Briefing Schedule. [Dkt. No. 36].

While the Court granted Plaintiff's motion, permitting it to proceed with jurisdictional discovery, the order did not explicitly extend the same right to JUNPO. Subsequently, JUNPO's attempts to conduct jurisdictional discovery were met with non-cooperation from Plaintiff, citing the absence of a formal Court order that explicitly allows such a process for JUNPO.

JUNPO is therefore seeking the Court's permission to conduct mutual jurisdictional discovery to ensure equal access to all relevant evidence concerning the jurisdictional dispute.

## III.     LEGAL STANDARDS

Legal precedents affirm that expedited discovery should be mutual to ensure fairness and efficiency in the judicial process. *See Inventus Power v. Shenzhen Ace Battery*, 2020 U.S. Dist. LEXIS 248646, *3 (N.D.Ill., Nov. 12, 2020) ("any expedited discovery 'should be mutual, targeted to matters that will be addressed in a preliminary injunction hearing, and not duplicative of investigations that already have been made.'"); *see also United States v. Allen*, 798 F.2d 985, 1014 (7th Cir, 1986) (quoting *United States v. Robinson*, 585 F.2d 274, 281 n.10 (7th Cir. 1978) ("We decline appellant's invitation to adopt such a broad (*and unnecessarily unilateral*) discovery rule.")).

## IV.     ARGUMENTS

*First*, the principle of fairness inherent demands that both parties have equitable opportunities to gather and present evidence essential to the jurisdictional disputes. JUNPO would be placed at a significant disadvantage due to Plaintiff's non-cooperation relying on the current

2

imbalance in discovery rights. This imbalance not only hampers JUNPO's ability to adequately defend itself but also risks the integrity of the judicial process by potentially overlooking key evidence that could influence the outcome of jurisdictional determinations.

**_Second_**, Plaintiff's test purchase, a central element in the jurisdictional dispute, has only been partially examined through Plaintiff's unilateral jurisdictional discovery.

Plaintiff alleges to have conducted a test purchase with order number. 200012068904652, as detailed in Docket No. 37-1, page 4. *See* [Dkt. No. 37-1, p4; No. 37, ¶2]. JUNPO, however, contends that this purchase order was never accepted, and further suspects that it was cancelled by Plaintiff. Without mutual discovery, JUNPO lacks the necessary means to verify the circumstances surrounding this test purchase, which are essential for a proper determination of personal jurisdiction. This dispute further underscores the need for mutual discovery to ensure a fair examination of all pertinent facts.

**_Third_**, allowing JUNPO to engage in mutual jurisdictional discovery promotes judicial efficiency and does not prejudice Plaintiff. Plaintiff has already received JUNPO's responses to its interrogatories and document requests. Granting JUNPO equal discovery opportunities ensures fairness and avoids any unnecessary delays in the judicial process.

## V. CONCLUSION

For the foregoing reasons, JUNPO respectfully requests that the Court grant the motion to conduct mutual jurisdictional discovery.

Respectfully submitted,

Date: December 17, 2024

/s/ He Cheng
He Cheng,
Palmer Law Group, P.A.
401 E Las Olas Blvd, Suite 1400
Fort Lauderdale, FL 33308
rcheng@palmerlawgroup.com

3

Tel: +1 (917) 525-1495
Attorney for Defendant